IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

FILED
UNITED STATES DISTRICT COURT
ALBUQUERQUE, NEW MEXICO

FEB 0 3 2003

Robert M. March
CLERK

CHERI SMITH,

    Plaintiff,

vs.

WILLIAM C. BIRDSALL et al.,

    Defendants.

CIVIL NO.  03-84 LFG/WWD

## MEMORANDUM OPINION AND ORDER
## GRANTING LIMITED WAIVER OF COSTS,
## BUT DISMISSING LAWSUIT WITH PREJUDICE

### Waiver of Filing Fee

Plaintiff, Cheri Smith ("Smith"), seeks the Court's order authorizing her to proceed with this litigation without the payment of costs and fees. The *in forma pauperis* statute, 28 U.S.C. § 1915, authorizes a court to waive those fees. The intent of this statute is to guarantee that "[N]o citizen shall be denied an opportunity to commence, prosecute, or defend an action, civil or criminal, in any court in the United States solely because . . . [lack of funds] makes it impossible for him to pay or secure the costs [of litigation]." Adkins v. E.I. DuPont de Nemours & Co., 335 U.S. 331, 342, 69 S. Ct. 85, 90 (1948).

Smith submits an affidavit indicating that she is unemployed and owns no assets that can be used to satisfy the costs of litigation. Smith is married and did not disclose her husband's income. Nonetheless, giving Smith the benefit of the doubt, the Court will authorize the filing of her complaint without the payment of a filing fee.



## *Sua Sponte* **Analysis**

While Congress removed the barriers to court process for indigents by enacting the *in forma pauperis* statute, Congress also recognized that "a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." Neitzke v. Williams, 490 U.S. 319, 324, 109 S. Ct. 1827, 1831 (1989); Denton v. Hernandez, 504 U.S. 25, 31, 112 S. Ct. 1728, 1733 (1992). In response to this congressional concern, courts were specifically authorized to review and, where appropriate, to dismiss an *in forma pauperis* complaint "if the court determines . . . the action . . . is frivolous or malicious." 28 U.S.C. § 1915(e)(2)(B)(i). Accordingly, the court may conduct a *sua sponte* review of a complaint pursuant to this section and may dismiss the complaint if it is patently obvious that the plaintiff cannot prevail on the facts alleged. Hall v. Bellmon, 935 F.2d 1106, 1109 (10th Cir. 1991).

In reviewing a *pro se* complaint, the court is to apply the same legal standards applicable to pleadings drafted by counsel, but the court remains mindful that a *pro se* complaint must be liberally construed. Northington v. Jackson, 973 F.2d 1518, 1520-1521 (10th Cir. 1992). It is with these standards in mind that the Court reviews Smith's complaint.

Smith's complaint will not withstand scrutiny under Fed. R. Civ. P. 12(b)(6). Her form complaint asserts a 42 U.S.C. § 1983 cause of action against a state district judge, a state prosecutor, two state agencies, and two interstate compacts. Smith's claims against the Defendants grow out of a probation revocation proceeding in State District Court, but are vague and unclear. It is axiomatic that Smith's claims against the trial judge give no rise to liability under the doctrine of judicial immunity. Stump v. Sparkman, 435 U.S. 349, 359, 98 S. Ct. 1099 (1978); Pierson v. Ray,

2

386 U.S. 547, 553-554, 87 S. Ct. 1213 (1967).

So, too, Smith's claims against the named prosecutor must necessarily fail.

> It is well established that prosecutors are absolutely immune from suit under Section 1983 concerning activities associated with the judicial ... process, such as initiating or pursuing criminal prosecutions. It is also well established that this absolute prosecutorial immunity extends to state attorneys and agency officials who perform functions analagous to those of a prosecutor . . . .

Collins v. Johnson County, Kansas, 2003 WL 42164 at *2 (10th Cir. 2003)( *citing* Pfeifer v. Hartford Fire Insurance Co., 929 F.2d 1484, 1489 (10th Cir. 1991)).

Smith's complaint names two State agencies, but does not name any individual allegedly responsible for the denial of her constitutional rights. Suits against states are not actionable under § 1983 because a state is not a person for purposes of § 1983. Will v. Michigan Dept. of State Police, 491 U.S. 58, 109 S. Ct. 2304 (1989). State officials acting in an official capacity are not persons under § 1983 and are therefore not amenable to suit. Brandon v. Holt, 469 U.S. 464, 105 S. Ct. 873 (1985). Finally, Smith's attempts to sue the interstate compacts in force in Arizona and New Mexico must also fail. Interstate compacts are not persons, but, rather, laws or agreements adopted by various states.

In sum, Smith's claims simply do not state a cause of action and should be dismissed.

The gravamen of Smith's complaint, however, is made clear in the Petition for Writ of Mandamus and Request for Immediate Stay, which she filed contemporaneously with the complaint. It is clear that Smith seeks to have this Court enjoin various state court criminal proceedings before State District Judge William C. Birdsall, and, apparently, proceedings before the New Mexico Court of Appeals.

3

Smith invites this Court to review a State court revocation of probation proceeding. This is impermissible. "A United States District Court has no authority to review final judgments of a state court in judicial proceedings. Such review resides exclusively in the United States Supreme Court." Rozatos v. Colorado Supreme Court, 746 F.2d 1429, 1432 (10th Cir. 1984)( *citing* 28 U.S.C. §1257) *cert. denied*, 471 U.S. 1016 (1985). Thus, this Court must decline Smith's invitation.

Smith contends that certain constitutional rights have been denied her as a result of actions by a district attorney and trial judge relating to ongoing criminal proceedings. Thus, it is clear that Smith seeks to attack the processes, orders and judgment of a State district court, and this Court simply lacks authority to entertain Smith's claim. Moreover, Smith requests injunctive relief directed against State judges and State court proceedings. Smith's request for an injunction is barred by provisions of the Anti-Injunction Act, 28 U.S.C. § 2283, which prevents federal courts from intervening in state court proceedings "except as expressly authorized by act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." 28 U.S.C. § 2283.

As the Supreme Court described the operation of the Act, "[S]uffice it to say that the Act is an absolute prohibition against any injunction of any state-court proceedings, unless the injunction falls within one of the three specifically defined exceptions in the Act." Vendo Company v. Lektro-Vend Corp., 433 U.S. 623, 630, 97 S. Ct. 2881, 2887 (1977). Here, Smith's request for injunctive relief does not fall within any of the exceptions defined in the Act, and therefore her request for relief may not be entertained.

While Smith couches some of her complaints as constitutional challenges concerning search and seizure, it is clear that those are the kinds of challenges that should be presented to the trial judge hearing her case.

4

In light of these conclusions, the Court determines that to the extent Smith seeks to enjoin a State judge or State appellate court from proceeding with State criminal proceedings, her case should be dismissed with prejudice.

IT IS THEREFORE ORDERED that Smith's Request for waiver of costs is granted; that the Complaint and Petition for Mandamus and Stay be filed; and, that all of Smith's claims are dismissed with prejudice.

_____
UNITED STATES DISTRICT JUDGE